IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAHSAAN BRANDON DARDEN,            )
      PLAINTIFF,                  )
VS.                                )        CV01-H-3069-S
ONESHA SPRIGGS,                    )
      DEFENDANT.                  )

**ENTERED**

**JAN - 9 2002**

## MEMORANDUM OF DECISION

Plaintiff filed his one paragraph complaint herein on December 3, 2001 naming as defendant Onesha Spriggs. In its December 10, 2001 order the court allowed plaintiff to proceed without prepayment of fees but concluded that the complaint wholly failed to advise the court the basis for its jurisdiction of the claim. Rather than dismissing the action under 28 U.S.C. § 1915(e)(2), the court ordered plaintiff to file an amended complaint by January 7, 2002 "which contains a short and plain statement of the grounds upon which this court has jurisdiction and contains a short and plain statement of the claim being pursued and reflecting that plaintiff is entitled to relief, together with a demand for judgment for that relief." Plaintiff was advised that if such an amendment was not filed, the court would dismiss the action without prejudice.

On December 14, 2001 two documents were filed by plaintiff. While the body of each document is identical with the other, one document is captioned "Motion to File Reasons Why Plaintiff's Case Should Not Be Dismissed; Reasons Why Plaintiff's Case Should Not Be Dismissed," and the other document is captioned "Motion to File Objection to Judges Order; Objection to Judges Order." The court treats those two documents as plaintiff's effort to comply with the December 10, 2001 order.

The caption of each of the December 14, 2001 documents is as set forth above, which caption is also set forth in the December 3, 2001 complaint; however no claim is made in the December 14, 2001 "amended complaints" against Onesha Spriggs.[1] Both of the December 14, 2001 documents name as the only defendant in the body of the complaint "Brighton Police Department." The court can understand why plaintiff may be confused with regard to the identity of the person he is suing. Since August 3, 2001 he has filed in this court the following 10 actions:

```
                    CV01-BU-1960-S
                    CV01-N-1964-S
                    CV01-H-2058-S
                    CV01-B-2098-S
                    CV01-H-3069-S
                    CV01-H-3070-S
                    CV01-N-3260-S
                    CV01-B-3279-S
                    CV01-AR-3280-S
                    CV01-N-3323-S
```
In CV01-H-3070-S plaintiff sued "Brighton Police Department."

---

[1] The caption of a complaint is not part of the claim stated in the complaint. <u>Marsh v. Butler County, Alabama</u>, 263 F.3d 1014 (11th Cir. 2001).

2

Since the only defendant sought to be sued was an entity that is not capable of being sued, that case was dismissed December 10, 2001, but such dismissal was without prejudice. In CV01-AR-3280-S filed December 19, 2001, plaintiff also named as defendant "Brighton Police Department" and charged that Brighton Police restrained his movement for a dispute with Onesha Spriggs and did not restrain Onesha Spriggs' movement for the same dispute. That case was dismissed by Judge Acker, with prejudice on December 21, 2001.

The two "amended complaints" filed December 14, 2001 fail to state a claim against Onesha Spriggs and fail to state a claim on which relief may be granted against Brighton Police Department, the only defendant purportedly charged with misconduct. Such failure to state a claim against Brighton Police Department is because it is not an entity capable of being sued. Further, to the extent it can be sued, the claim stated in CV01-AR-3280-S was dismissed with prejudice which bars a relitigation of such claim.

A separate order dismissing this action with prejudice will be entered pursuant to 28 U.S.C. § 1915(e)(2).

DONE this 9th day of January, 2002.

*[signature]*
SENIOR UNITED STATES DISTRICT JUDGE